JOHN WHITTAKER *et al.*

*v.*

THE VILLAGE OF VENICE *et al.*

*Filed at Mt. Vernon May 5, 1894.*

53 N Y 378

| 150 | 195 |
| 166 | 526 |
| 150 | 195 |
| 169 | 505 |
| 150 | 195 |
| 74a | 411 |
| 150 | 195 |
| 178 | 637 |
| 80a | 606 |
| 150 | 195 |
| 184 | 618 |
| 184 | 619 |
| 184 | 624 |
| 150 | 195 |
| 196 | ¹323 |
| 150 | 195 |
| 102a | ¹ 25 |

1. CERTIORARI—*object of the writ—trial by the record alone.* The object of the common law writ of *certiorari* is to bring up the record of a proceeding from an inferior to a superior tribunal. When the return is made the superior tribunal tries the case, not upon the allegations of the petition, nor upon any issue of fact, but by the record alone, and upon the inspection thereof. It is the duty of the court to determine whether the inferior court had jurisdiction, and whether it exceeded its jurisdiction, or otherwise proceeded in violation of law.

2. SAME—*what may be reviewed.* The act of an inferior tribunal which can be reviewed on *certiorari* by a superior tribunal, must be judicial or *quasi* judicial in its character. The act to be reviewed must not be legislative or ministerial.

3. The action of the board of trustees in annexing territory to a village under section 1 of "An act to provide for annexing and excluding territory to and from cities, towns and villages, and to unite cities, towns and villages," approved April 10, 1872, is not such judicial action as will authorize a review of the proceeding by *certiorari.*

4. Upon the return of the record the court has no power to form and try an issue of fact in regard to the jurisdiction of the inferior tribunal, nor to review the testimony heard below, nor to inquire into the correctness of the decision on that testimony. The trial is confined to the record, and extrinsic evidence is inadmissible.

5. CITIES AND VILLAGES—*annexation of territory—a question of policy.* Whether the boundaries of a city or village should be enlarged or contracted by the annexation or detaching of territory is not a question of law or fact for judicial determination, but purely a question of policy, to be determined by the legislative department.

6. SAME—*conditions to annexation of territory.* The conditions on which territory may be annexed to a village are: A petition in writing therefor, signed by three-fourths of the voters, and the owners of three-fourths (in value) of the property, etc., and that the territory to be annexed shall be contiguous to the village, and not embraced within its limits. When these facts exist, the board may, by ordinance, annex the territory, which ordinance is to be recorded. The legislature has not invested the board of trustees with any discretionary power to determine whether the annexation is expedient or not.

7. Same—*annexation—whether reviewable on certiorari.* The village board is authorized to find the facts that the territory is contiguous to the village, and that the petition is signed by the proper number of voters and owners. But the decision upon these preliminary questions of fact can not be reviewed on *certiorari.*

8. Appeals—*jurisdiction of the Supreme Court—validity of a statute.* In, a proceeding by *certiorari* to quash the proceedings of a village board of trustees in annexing territory to the village, the court was asked to hold as law that the act under which the proceeding was had was unconstitutional and void, which was refused: *Held,* that the validity of a statute was involved, and this court had jurisdiction of an appeal taken directly to it.

Appeal from the Circuit Court of Madison county; the Hon. A. S. Wilderman, Judge, presiding.

Mr. John G. Irwin, for the appellants:

The circuit courts have the power to award *certiorari,* at common law, to all inferior tribunals and jurisdictions, whenever it is shown, either that they have exceeded the limits of their jurisdiction, or in cases where they have proceeded illegally, and no appeal is allowed and no other mode of reviewing their proceedings is provided. *People* v. *Williamson,* 13 Ill. 661; *Doolittle* v. *Railroad Co.* 14 id. 383; *Railroad Co.* v. *Fell,* 22 id. 335; *Railroad Co.* v. *Whipple,* 22 id. 105; *Greenvelt* v. *Burwell,* 1 Ld. Raym. 471.

If it is apparent from the record that the inferior tribunal has acted without, or has exceeded, its jurisdiction, or has acted contrary to law in any material matter, the practice is to quash the proceedings. *Railroad Co.* v. *Fell,* 22 Ill. 335.

In the cases cited below, *certiorari* has been held by this court to be the appropriate remedy to review the record of supervisors, on appeal from the decision of highway commissioners as to the laying out of a highway. *Hyslop* v. *Finch,* 99 Ill. 171; *Commissioners* v. *Supervisors,* 27 id. 141; *Gerdes* v. *Champion,* 108 id. 137; *McManus* v. *McDonough,* 107 id. 95; *Deer* v. *Commissioners,* 109 id. 379; *Commissioners* v. *Harper,* 38 id. 105.

In the following cases *certiorari* has been held the appropriate remedy to review the proceedings of school trustees in detaching territory from or annexing it to school districts: *Potter* v. *Trustees,* 10 Bradw. 346; *Arnold* v. *Thorp,* 9 id. 357; *Miller* v. *Trustees,* 88 Ill. 27.

The legislature may create a tribunal to determine, at least in a *quasi*-judicial manner, the desirability of enlarging boundaries of cities, etc., by annexation, and to order the annexation if deemed advisable. *Powers* v. *Commissioners,* 8 Ohio St. 286; *Blanchard* v. *Bissell,* 11 id. 96; *In re Borough of Quakertown,* 3 Grant, 203; *In re Borough of West Philadelphia,* 5 Watts & Serg. 281; *People* v. *Bennett,* 29 Mich. 452.

Under the English statute providing for establishing and altering municipal boundaries, the proceedings prescribed are reviewable in the Queen's Bench by *certiorari.* *Regina* v. *Northowram,* L. R. 1 Q. B. 110; *Regina* v. *Hardy,* 4 id. 117; *Regina* v. *Local Gov. Board,* 8 id. 227.

Had we brought *quo warranto* in this case, it would have puzzled a Philadelphia lawyer to reconcile the following list of cases as to whether it is or is not the proper remedy: *People* v. *Whitcomb,* 55 Ill. 176; *Trumbo* v. *People,* 75 id. 564; *Murray* v. *Virginia,* 91 id. 558; *People* v. *Board of Education,* 101 id. 312; *Evans* v. *Lewis,* 121 id. 478; *Bodman* v. *Drainage District,* 132 id. 440.

Messrs. TRAVOUS & WARNOCK, for the appellees:

The motion to dismiss the appeal should be allowed. To authorize an appeal directly to this court upon the ground that the validity of a statute is involved, the question of its validity must be directly in issue and "the primary inquiry" in the case. The petition admits the validity of the section of the statute here questioned, and it is not put in issue by anything in the case. *Cairo* v. *Bross,* 99 Ill. 521; *Transfer Co.* v. *Canty,* 103 id. 423; *Pearson* v. *Zehr,* 125 id. 573.

It is also necessary that the constitutional question raised be one "which may be fairly regarded as debatable." The section of the statute here assailed has been in force and acted upon for twenty years, is repugnant to no provision of the constitution, and is sustained by every authority. Dillon on Mun. Corp. (4th ed.) sec. 44, note 4, p. 265, and authorities cited in notes 2 and 3 ; 15 Am. and Eng. Ency. of Law, 1007, 1012; *Chaplin* v. *Commissioners*, 126 Ill. 264; *Wulff* v. *Aldrich*, 124 id. 592 ; *People* v. *Reynolds*, 5 Gilm. 1 ; *People* v. *Hoffman*, 116 Ill. 594; *Murray* v. *Virginia*, 91 id. 558.

The act of the president and board of trustees of the village in annexing the territory in question was purely legislative, and hence not reviewable by *certiorari. Mayor* v. *Morgan*, 18 Am. Dec. 236, note; *Galesburg* v. *Hawkinson*, 75 Ill. 152; *Covington* v. *East St. Louis*, 78 id. 548 ; *People* v. *Bennett*, 18 Am. Rep. 117 ; *In re Salem County Subscription*, 100 Am. Dec. 337 ; *In re Wilson*, 32 Minn. 145 ; *People* v. *Board of Health*, 33 Barb. 334; Dillon on Mun. Corp. (4th ed.) sec. 927.

It appearing from an inspection of the record and proceedings returned, that the village authorities had jurisdiction and proceeded regularly, the writ was properly quashed. Evidence *aliunde* could not be received to contradict the return. *Deer* v. *Commissioners*, 109 Ill. 379 ; *Doolittle* v. *Railroad Co.* 14 id. 383 ; *Railroad Co.* v. *Fell*, 22 id. 335 ; *Rue* v. *Chicago*, 66 id. 256.

Where the boundaries of a municipality are, and whether particular territory is contiguous thereto, are questions of fact, of which courts do not take judicial notice in cases like this, where such record is conclusive, and the matters complained of determined from its inspection alone. 1 Greenleaf on Evidence, 8; *Ross* v. *Reddick*, 1 Scam. 73; *Indianapolis* v. *McAvoy*, 86 Ind. 587 ; *Boston* v. *State*, 32 Am. Rep. 575.

The writ of *certiorari* is not demandable as of right, but only issues *ex mera gratia,* and for good cause shown. Here the refusal of the court to grant the prayer of the petition

worked appellants no injustice, while to have granted it would have inflicted serious injury upon others. The writ was therefore properly quashed. *Hyslop* v. *Finch,* 99 Ill. 171; *Turnpike Co.* v. *Magoun,* 8 Greenl. 292; *French* v. *Barre,* 28 N. H. 570; *Cobb* v. *Lucas,* 15 Pick. 181; *Dugger* v. *McGruder,* 12 Am. Dec. 527, note.

It being in the sound discretion of the court to grant or withhold the writ, evidence *dehors* was properly received to determine whether, in view of all the circumstances, substantial justice requires it. Hence, even if the village authorities had exceeded their jurisdiction or proceeded illegally in passing the ordinance annexing appellants' land, and their action was reviewable in this proceeding, still appellants could only complain of that part of the ordinance affecting them; and their land having been voluntarily disannexed, placing them *in statu quo,* before the hearing upon their petition, the writ would properly be quashed, notwithstanding such irregularities. *Rutland* v. *Commissioners,* 20 Pick. 71; *Water Power Co.* v. *Commissioners,* 112 Mass. 214; *Brewer* v. *Railroad Co.* 113 id. 57; *Commonwealth* v. *Turnpike Co.* 5 id. 420; *Gormley* v. *Day,* 114 Ill. 185; *Tucker's Petition,* 27 N. H. 405; 3 Am. and Eng. Ency. of Law, 66; *Quincy* v. *Bull,* 106 Ill. 337; *Baker* v. *Scott,* 62 id. 86; *Wilbur* v. *Springfield,* 123 id. 395.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a petition by certain owners of land, included in territory claimed to have been annexed to the Village of Venice in Madison County, under "An Act to provide for annexing and excluding territory to and from cities, towns and villages," etc., approved April 10, 1872, (1 Starr & Cur. Ann. Stat. page 515), for a writ of certiorari, directed to said Village and the president and board of trustees thereof, and the village clerk, and the recorder of the county, commanding them to certify and bring into court a transcript of the records, documents and files relating to said annexation for the inspection of the

court; and praying that said record and proceedings may be quashed and set aside, etc. The return sets forth a copy of the petition for annexation as presented to the president and board of trustees of the village; proceedings of the board, showing that an order was entered wherein, after finding that it was made to appear to the satisfaction of the board that the facts alleged in the petition were true, it was ordered that the prayer of the petition be granted, and that an ordinance for the annexation of said territory, drawn and presented to the board, be adopted, and a copy thereof, with a plat of the territory annexed, be recorded in the recorder's office of said county; also a copy of said ordinance, and certified copies thereof and of said plat from the records of said county; also certain proceedings in relation to a plat of West Madison Addition to said Village and the approval thereof by said board; also certain proceedings, consisting of petition, certificate of county clerk, order for disconnection, ordinance for disconnection, adoption of said ordinance and order for the record thereof, in relation to the disannexing of a part of the territory so annexed. The Circuit Court rendered judgment, quashing the writ and for costs against the petitioners, to which exception was taken, and from which the present appeal is prosecuted.

*First,* a motion is made to dismiss for want of jurisdiction. The object of the common law writ of *certiorari* is to bring up the record of a proceeding from an inferior to a superior tribunal. When the return is made, the superior tribunal tries the case, not upon the allegations contained in the petition for the writ, nor upon any issue of fact, but by the record alone, and upon the inspection thereof, as such record is returned in obedience to the writ. It is the duty of the court to determine whether the inferior court had jurisdiction, and whether it exceeded its jurisdiction, or otherwise proceeded in violation of law. (*Comrs.* v. *Supervisors of Carthage,* 27 Ill. 140).

Here, the return sets out the proceedings taken under and in pursuance of the act of the legislature above referred to, and that act is the sole authority for the annexation of the territory in question by the board of trustees of the village. This being so, the petitioners submitted, among others, the following proposition to be held as law by the court upon the hearing of the cause: "First—That the act, under which the proceedings set out in the return to the writ herein issued were had, towit: Sec. 1 of 'An Act to provide for annexing and excluding territory to and from cities, towns and villages, and to unite cities, towns and villages,' approved April 10, 1872, is unconstitutional, null and void, because of being an attempt to delegate legislative powers and functions to private individuals." This proposition the court refused to hold as law.

In view of the issue presented by the return to the writ, and in view of the nature of the proposition of law thus asked and refused, we think that the validity of the statute above mentioned is a question, which is legitimately presented by the record, and that, therefore, this court has jurisdiction. It follows that the motion to dismiss must be overruled.

*Second,* the act of an inferior tribunal, which can be reviewed on *certiorari* by a superior tribunal, must be judicial or quasi-judicial in its character. (*Comrs.* v. *Griffin,* 134 Ill. 330.) The acts of officers of municipal corporations must be plainly judicial in character, in order to justify an interference with them by *certiorari.* (Wood on Certiorari, pages 148-149; *In the matter of Mount Morris Square, etc.* 2 Hill, 14.) The act to be reviewed by the writ must not be legislative or ministerial. (*Comrs.* v. *Griffin, supra.*) Whether the boundaries of a city or village should be enlarged or contracted is not a question of law or fact for judicial determination, but purely a question of policy to be determined by the legislative department. (*The City of Galesburg* v. *Hawkinson,* 75 Ill. 152; *Covington* v. *E. St. Louis,* 78 id. 548.) The annexation of territory to a

municipal corporation, and the extension of its boundaries to include the same, are matters which are subject to legislative control, in the absence of constitutional restriction.    (1 Dill. on Mun. Corp. sec. 126, 2d ed.)

Section 1 of the act of 1872 provides, that, on petition in writing signed by not less than three-fourths of the legal voters, and by the owners of not less than three-fourths (in value) of the property in any territory, contiguous to any city or incorporated village or town, and not embraced within its limits, the city council or board of trustees of said city, village or town, (as the case may be), may, by ordinance, annex such territory to such city, village or town, upon filing a copy of such ordinance, with an accurate map of the territory annexed, (duly certified by the mayor of the city, or president of the board of trustees of the village or town) in the office of the recorder of deeds in the county where the annexed territory is situated, and having the same recorded therein.

In this statute, the legislature has named the conditions, upon which territory may be annexed to a village.    These conditions are, that a petition in writing for the annexation must be signed by three-fourths of the legal voters; that it must be signed by three-fourths (in value) of the owners, etc.; that the territory to be annexed must be contiguous to the village, and not embraced within its limits.    When these facts exist, the board of trustees may accomplish the annexation, by passing an ordinance therefor and recording the same, together with a map of the territory, in the recorder's office; but the board is not authorized to determine, by the exercise of its own judgment or discretion, whether it is wise or unwise, or whether it is good or bad policy, to make the annexation.    The legislature could have clothed the board with such discretionary power, but it has not seen fit to do so.    On the contrary, having complete control over the subject, the legislature has determined in advance, that the existence of the facts stated settles the question of the advisability of the annexation.    The only func-

tion of the board is to see to it that the territory is located as the statute prescribes, and that the petition is signed as the statute directs.

It is quite manifest, that the action of the board of trustees of a village under section 1 is not such judicial action, as will authorize a review of the proceeding by *certiorari*. No provision is made for a hearing by the voters and owners who do not sign the petition; and, hence, the board is not invested by the legislature with the power to pass upon their property rights, or to make any decision in relation thereto. *(Comrs. v. Griffin, supra).*

It is authorized to find the facts, that the territory is contiguous to the village, and that the petition is signed by the proper number of voters and owners. But its decision upon these preliminary questions of fact cannot be reviewed on *certiorari*. It is no part of the office of a writ of *certiorari* to an inferior tribunal to bring before the court, from which the writ issued, the evidence in the tribunal below, nor can the court receive testimony to show what that evidence was. Upon the return of the record, the court has no power to form and try an issue of fact in regard to the jurisdiction, nor to review the testimony heard below, nor to inquire into the correctness of the decision on that testimony. The trial is confined to the record, and extrinsic evidence is inadmissible. *(C. & R. I. R. R. Co. v. Whipple,* 22 Ill. 105; *Rue v. City of Chicago,* 66 id. 256).

We are inclined to think that there was no error in quashing the writ, because, in the first place, the action of the trustees in passing the ordinance of annexation was legislative in its character, and because, in the second place, the determination of the board as to the existence of the preliminary conditions required to precede the ordinance, involved a decision upon mere questions of fact.

The judgment of the Circuit Court is accordingly affirmed.

*Judgment affirmed.*