WILLIAM T. KAMMANN

*v.*

THE CITY OF CHICAGO.

*Opinion filed June 14, 1906.*

1. CIVIL SERVICE—*what is cause for removal of employee.* Absence from duty for three days without permission may be cause for removal of an employee by the civil service commission after a trial upon written charges, even though there is a rule of the commission providing that an employee in the classified service who absents himself from duty without permission for a period of *ten* days shall be considered as discharged.

2. CERTIORARI—*trial in certiorari is upon the record alone.* Upon a proper return to a writ of *certiorari* the superior tribunal tries the cause, not upon the allegations of the petition nor any issue of fact, but upon the record alone, as disclosed by the return.

3. SAME—*circuit and superior courts may review action of civil service commission.* The circuit and superior courts of Cook county have jurisdiction to award the writ of *certiorari* to review the proceedings of the civil service commissioners in removing an employee in the classified service upon written charges. (*Powell* v. *Bullis,* 221 Ill. 379, followed.)

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

A. D. GASH, for plaintiff in error.

MICHAEL F. SULLIVAN, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

This was *certiorari* in the circuit court of Cook county. Plaintiff in error was a duly qualified civil service employee, and was by a written complaint charged before the civil service commission with being absent from duty, without permission, three days, viz., January 1, 2 and 3, 1904. The commission, upon a trial, found him guilty as charged and he was removed from the service. On the trial in the circuit court a judgment was entered quashing the record of the commission. The city appealed to the Appellate Court and the case was there assigned to the branch court, where the judgment of the circuit court was reversed, on the ground that the circuit court had no jurisdiction to review, by *certiorari,* the record of the civil service commission made in trying an employee. The cause was not remanded. Kammann brings the record to this court by writ of error.

In the recent case of *Powell* v. *Bullis,* 221 Ill. 379, we determined that the circuit and superior courts have jurisdiction to award the writ of *certiorari* to review such proceedings of civil service commissioners as are here involved, and there is no occasion to discuss that proposition further.

In the circuit court a return was made to the writ showing that Kammann had been charged and found guilty as above stated, and that he had been removed from his position of mechanical and electrical engineer pursuant to the

finding. Upon the application of Kammann the circuit court required the return to be amended by inserting therein a printed copy of the civil service rules showing all the rules of the commission, section 3 of rule 14 being in words following:

"*Absence from duty.*—Any officer or employee in the classified service of the city who shall absent himself from duty for the period of ten days without permission, in writing, from his superior officer, shall be considered as discharged from the service of the city. Such officer or employee may, within five days after such discharge, make an application, in writing, to this commission for re-instatement, and the commission shall thereupon give him a hearing, and may grant said re-instatement if it deems the same to be for the interest of the service. If said application for re-instatement is refused the discharge shall be final."

The question whether these rules were a proper part of the record of the commissioners is not before us. Kammann contended, and the circuit court held, that the commission had exceeded its jurisdiction in discharging him for absence from duty three days without permission, while the commission had in full force and effect a rule which provided that in the event of absence from duty ten days without permission the employee should be considered as discharged; that as great a penalty could not be visited upon him for three days' absence as the rules provided for ten days' absence.

Section 457 of chapter 24, Hurd's Revised Statutes of 1905, provides that employees in the classified civil service may be removed for cause if found guilty upon an investigation of written charges before the civil service commission or before some officer or board appointed by the commission to conduct the investigation, the finding and decision of such officer or board being subject to the approval of the commission. The statute is silent as to what constitutes "cause." Manifestly the right to determine that question is left with

222—5

the civil service commission, and we have held that this statute does not require the commission to specify, in written rules, every case which shall be deemed cause for removal. *Joyce* v. *City of Chicago,* 216 Ill. 466.

Further, we do not think the rule above quoted bears the construction plaintiff in error places thereon. The purpose of that rule evidently was to provide for a contingency where one employed by the city in the classified civil service had apparently abandoned his position. If absent for ten days his place shall be considered vacant and another may be appointed in his stead. That rule does not contemplate a trial upon written charges, where an opportunity shall be given the employee to be heard. Its purpose is to authorize the appointment of a successor of one who has absconded or otherwise left the employment of his own accord.

We are of the opinion that, notwithstanding that rule, the commission had the right to discharge Kammann from the classified service of the city after he had been found guilty of being three days absent from duty without permission, upon a trial conducted in accordance with section 457, *supra.*

It is also urged that certain averments contained in the petition for the writ show that the plaintiff in error should not have been found guilty by the commission. In this State, when the return is properly made, the superior tribunal tries the cause, not upon the allegations of the petition nor upon any issue of fact, but by the record alone as disclosed by the return. *Whittaker* v. *Village of Venice,* 150 Ill. 195; *Drainage Comrs.* v. *Volke,* 163 id. 243; *Behrens* v. *Comrs. of Highways,* 169 id. 558.

The ground upon which the judgment of the Branch Appellate Court was based did not warrant the conclusion reached by that court, but inasmuch as that judgment, for reasons hereinabove stated, correctly determined the rights of the parties to this controversy, it will be affirmed.

*Judgment affirmed.*