[No. 7037. Decided December 20, 1907.]

LEWIS E. TENNY et al., Appellants, v. SEATTLE ELECTRIC
COMPANY, Respondent.[1]

CERTIORARI—TO CITY COUNCIL—MUNICIPAL CORPORATIONS—GRANT
OF FRANCHISE—REVIEW. An ordinance of a city council granting a
franchise for the use of a street is a legislative act, and is not
subject to review by writ of certiorari.

MUNICIPAL CORPORATIONS — VOID ORDINANCES — REVIEW — FRAN-
CHISES—REMEDIES. The remedy against a void act of a city council
in granting a franchise over private property on the supposition
that it is a public highway is not by review of the ordinance, but
by judicial proceedings against persons entering on the land.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered June 8, 1907, in favor of the
defendants, dismissing proceedings had under a writ of cer-
tiorari issued to review the action of a city council in granting
a franchise for street railway purposes, after a trial before
the court without a jury. Affirmed.

J. R. Poland and J. C. Whitlock, for appellants.

Walker & Munn, for respondent.

CROW, J.—On March 18, 1907, the council of Columbia,
a city of the third class in King county, Washington, passed
an ordinance granting to the Seattle Electric Company, a cor-
poration, a franchise to construct maintain, and operate a
street car line over and upon certain streets and highways.
Lewis E. Tenny and Carrie B. Tenny, his wife, the relators
and appellants herein, were then, and still are, owners of block
89, Maynard's Lake Washington Addition to the city of Se-
attle, now within the corporate limits of the city of Columbia.
Many years ago a public county road, known as road No. 169,
extended diagonally across the tract of land which has since
been platted as block 89. Relators allege that this road was

[1]Reported in 92 Pac. 895.

long since abandoned; that it has ceased to exist; that the portion of block 89 formerly occupied thereby is their private property subject to no public rights or easements; that the council of the city of Columbia, assuming that the road is still a highway, have, in the ordinance above mentioned, attempted to grant a franchise and right of way to the Seattle Electric Company, along the line of the abandoned public road and over their private property, and that the Seattle Electric Company is about to enter upon and occupy the same.

After the passage of the ordinance the relators applied to the superior court of King county for a writ of certiorari to review the action of the city council in passing the ordinance, and in their petition have made the city of Columbia, its mayor and clerk, the individual members of the city council, and the Seattle Electric Company, a corporation, parties defendant. Upon notice a writ of review was issued, to which the municipal authorities made return by affidavit, alleging their several capacities as officers of the city of Columbia, and further alleging that on May 2, 1907, the city of Columbia was annexed to the city of Seattle and ceased to be a separate corporation; that by such annexation their terms as officers had expired; that at no time since have any of them been custodians of any official records of the proceedings of the municipality, but that the same have passed into the custody and control of officers of the city of Seattle. At the final hearing the respondents attacked the jurisdiction of the trial court by motion to quash the writ of review theretofore issued and to dismiss the proceeding. Thereupon the relators made an application for leave to amend their petition by making the city of Seattle a party defendant, and moved for an alias writ of certiorari against said city of Seattle and its clerk. This application being denied the motion of the respondents was sustained, and the proceeding being finally dismissed, the relators have appealed.

The appellants contend that the trial court erred, (1) in refusing to make the city of Seattle and its clerk parties de-

fendant; (2) in quashing the writ of review and dismissing this proceeding. They further contend that they have no adequate remedy at law or by appeal; that the council of the city of Columbia in passing the ordinance exercised judicial functions; that they exercised such judicial functions erroneously to the detriment of appellants' rights, and that they exceeded their powers and jurisdiction in attempting to grant a franchise over county road No. 169, and especially over block 89. The respondents insist that the trial court had no jurisdiction to review the action of the municipal authorities of the city of Columbia by a writ of certiorari, as the city council in passing the ordinance were performing a legislative act and not a judicial one as contended by appellants.

Appellants have mistaken their remedy. While a writ of certiorari may issue to review judicial action when there is no remedy by appeal, it will not issue to review mere legislative acts. The appellants, however, for the purpose of maintaining their right to the writ, insist that the action of the council of the city of Columbia, being an exercise of discretion, was judicial. In substance they admit that, if the granting of the franchise was a legislative act, they are not pursuing the proper remedy. The passage of an ordinance by a city council granting a franchise to a public service corporation involves legislative action only. *Schwede v. Hemrich Bros. Brewing Co.*, 29 Wash. 21, 69 Pac. 362; *Hindman v. Boyd*, 42 Wash. 17, 84 Pac. 609; 27 Am. & Eng. Ency. Law (2d ed.), pp. 14, 15; McQuillin, Municipal Ordinances, § 569; Nellis, Street Surface Railroads, § 4. Such legislative action cannot be reviewed by a writ of certiorari. 6 Cyc. 753; Spelling, Injunctions and Other Extraordinary Remedies (2d ed.), § 1899a; *In re Wilson*, 32 Minn. 145, 19 N. W. 723; *Spring Valley Water Works v. Bryant*, 52 Cal. 132; *People v. Supervisors etc.*, 25 Hun. 131; *Whittaker v. Venice*, 150 Ill. 195, 37 N. E. 240.

If there is no legal highway over appellants' land, a fact which cannot be adjudicated in this proceeding, the city of

Columbia had no authority to grant the franchise over the same, and the attempted grant would be void. Appellants, however, would be entitled to protect all their rights by proper judicial action or proceedings should the Seattle Electric Company at any time hereafter enter upon their property for the purpose of using the alleged franchise granted. The trial court had no authority to review by a writ of certiorari the legislative action of the city council.

The judgment is affirmed.

HADLEY, C. J., MOUNT, and FULLERTON, JJ., concur.