JACOB B. SCHLOSSER, Appellee, *vs.* THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF WARREN, Appellants.

*Opinion filed June 18, 1908.*

1. CERTIORARI—*mere lapse of time does not bar a writ.* Mere lapse of time short of the period of limitation for a writ of error will not bar a writ of *certiorari* to review proceedings of highway commissioners in vacating an old road and laying out a new one, where nothing has been done by the public authorities, nor with their permission, which will cause great public detriment or inconvenience in case the proceedings are quashed. (*Chicago* v. *Condell,* 224 Ill. 595, and *Clark* v. *Chicago,* 233 id. 113, distinguished.)

2. SAME—*what cannot be regarded as a public detriment.* The fact that a railroad company, in reliance upon an order of highway commissioners in vacating a road, has changed its tracks so as to bring them closer to the road, cannot be regarded as a public detriment such as will render *laches* a defense to *certiorari* to quash the proceedings of the commissioners, where the track as changed is still upon the company's right of way and the road itself has not been damaged or encroached upon by the change.

3. SAME—*when rights of a railroad company cannot be considered.* On appeal from a *certiorari* judgment quashing the record of proceedings by highway commissioners vacating an old road and laying out a new one, the rights of a railroad company which has expended a large sum in changing its track in reliance upon the order cannot be considered, where the company has not appealed.

4. SAME—*when amendment of record of proceedings is without effect.* An amendment of the record of the proceedings of highway commissioners is without effect where it is not made until after the commissioners have lost jurisdiction of the proceeding, even though the amendment would have cured the defects in the record had it been made in time.

APPEAL from the Circuit Court of Lake county; the Hon. C. H. DONNELLY, Judge, presiding.

This was a petition for a common law writ of *certiorari,* filed by Jacob B. Schlosser in the circuit court of Lake county, to review the action of the commissioners of highways of the towns of Newport and Warren, in said county, and the action of three supervisors of said county, upon ap-

peal from the action of the commissioners of highways of said towns, relative to vacating a certain highway in said county and laying out a new highway along the town line between said towns in lieu of the one vacated. Appellee is the owner of real estate which will be taken if the road is laid as ordered. After the writ was issued and served the court permitted certain private parties, including the Chicago, Milwaukee and St. Paul Railway Company, to intervene. These intervenors and appellants then moved to quash the writ on the ground that appellee was barred by his own *laches.* On this motion oral evidence was heard, which has been preserved by a bill of exceptions. The court denied the motion and required that returns be filed, and they were accordingly filed. Thereafter, upon a hearing, the court quashed the proceedings, and the commissioners of highways of the town of Warren prosecuted an appeal to the Appellate Court for the Second District. That court certified the case here under section 102 of the Practice act of 1907, on the ground that a freehold was involved.

ORVIS & EDWARDS, (PAUL MacGUFFIN, of counsel,) for appellants.

COOKE, POPE & POPE, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It is insisted that the *laches* of the appellee bars this action. The final order of the supervisors laying out the proposed road and vacating the old road was made on the 21st day of June, 1905. The appellee filed his petition for a writ of *certiorari* on the 10th day of November, 1906. "Mere lapse of time, alone, short of the limitation for the prosecution of a writ of error, will not bar the issuing of a common law *certiorari.* (*Hyslop* v. *Finch,* 99 Ill. 171.) To be barred by the *laches* of the petitioner it must appear that since the making of the record sought to be reviewed,

and upon its assumed validity, something has been done so that great public detriment or inconvenience might result from declaring it invalid." *Drainage Comrs.* v. *Volke,* 163 Ill. 243; *Highway Comrs.* v. *Barnes,* 195 id. 43.

The cases of *City of Chicago* v. *Condell,* 224 Ill. 595, and *Clark* v. *City of Chicago,* 233 id. 113, arose under the act to regulate the civil service of cities. In each of those cases the necessity of immediately designating someone to fill the place from which the petitioner had been removed appeared from the law, without proof being made of such necessity. This made it evident that the interests of the public would be prejudiced unless the person removed acted speedily. Any considerable delay on his part would be detrimental to the public, because the person assigned to perform the duties of the person so removed would receive a salary for his services. A salary for the performance of the same duties would be claimed from the city by the petitioner if he succeeded in his suit. Under such circumstances the public was exposed to the danger of having to pay two salaries for one service. Those cases have no application here.

It does not appear that the public authorities had made any expenditures or levied any tax or incurred any liability on account of the assumed validity of the order of the supervisors. It is shown, however, that the tracks of the Chicago, Milwaukee and St. Paul Railway Company ran near to and almost parallel with a portion of that part of the highway sought to be vacated; that the right of way of the railway and the public highway there overlapped, so that if the highway be there lawfully vacated the railway will be entitled to use as a part of its right of way a strip of land about thirty feet in width and several rods in length which is included within the confines of the old highway on the side thereof next to the railway tracks; that after the final order was made by the supervisors, and before this suit was begun, the railway company, for the purpose of

eliminating a curve in its roadway, straightened its tracks, moving them nearer to the highway, in such manner that the rail of its tracks now nearest to the boundary of a part of the public highway sought to be vacated is distant therefrom but five or six feet, that part of the highway being the strip above mentioned. In making the alteration in its line the railway company expended $8300, and it is said that by reason of this fact, and by reason of the fact that placing the rails nearer to the highway makes it more dangerous to travel the old road than it would have been before the tracks of the railway company were moved, quashing the record will result in great public detriment or inconvenience, and that appellee's right is therefore barred by *laches*. It is not contended that if the record was rightfully quashed the railway company has any right whatever to occupy space within the limits of the old highway, and its tracks are now laid where they might lawfully have been laid if no proceedings to vacate the old highway and lay a new road had ever been had. It does not appear that anything has been done by the railway company to disturb the level of the surface within the confines of the old highway. Nothing has been done by the public authorities, nor with their permission, from which any great public detriment or inconvenience can result upon quashing the proceedings. So far as the railway company is concerned, it has not appealed, and its rights, therefore, cannot now be considered.

The records of the respective highway commissioners are fatally defective. This is not seriously questioned. After this suit was begun, however, and on January 7, 1907, the highway commissioners of the town of Warren held a meeting and attempted to amend the record of their proceedings for the purpose of making it conform to the facts. The amendments made, if made at a time when the commissioners had authority to amend the record, would have cured the defects in that particular record, but they

were made long after the commissioners had lost jurisdiction of the original proceeding, and they were therefore entirely without effect.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*