## CHANLEY ET AL. v. ZIMMER ET AL.

[No. 22,318. Filed March 14, 1913.]

1. HIGHWAYS. — *Establishment.* — *Remonstrance.* — *Appeal.* —In a proceeding under the general highway act of March 8, 1905 (Acts 1905 p. 521, §7711 *et seq.* Burns 1908), for the construction of a free gravel road to be paid for by taxation, persons remonstrating against the action of the board of commissioners in increasing the rate of interest on the bonds previously authorized to be issued, have a right to appeal to the circuit court from the overruling of such remonstrance, under the provisions of §7793 Burns 1908, Acts 1905 p. 521, §123, that "except as otherwise provided in this act" any person aggrieved by any decision of the board of commissioners may appeal to the circuit court of the county. p. 352.

From Dubois Circuit Court; *John L. Bretz,* Judge.

Proceedings on petition of Frank Zimmer and others for the establishment of a free gravel road in which John H. Chanley and others filed a remonstrance. From a judgment of the circuit court dismissing the appeal of the remonstrants from the action of the board of commissioners, this appeal is prosecuted. *Reversed.*

*Leo H. Fisher* and *Horace M. Kean,* for appellants.
*A. L. Gray,* for appellees.

SPENCER, J.—This was a proceeding under §7711 *et seq.*
Burns 1908, Acts 1905 p. 521, §62 *et seq.,* for the construction of certain free gravel roads in Jefferson Township, Dubois County, the same to be paid for by taxation. Appellees filed a petition with the board of commissioners of Dubois County at its June session, 1911, asking for the construction of said roads. A hearing on said petition and an election to authorize the construction of the proposed improvements were regularly held and orders issued by the board of commissioners, letting the contract for the work and providing for the sale of bonds to cover the same in the sum of $20,500 and bearing interest at the rate of 4½ per cent annually, in accordance with the prayer of appellees' petition at the October term, 1911. At the May term, 1912, of said board, appellant John Chanley filed a remonstrance against the issuance of said bonds on the ground that such issue would be in excess of the statutory limitation of the amount of such indebtedness authorized by the laws of this State. This remonstrance was overruled but no appeal was taken.

At its special session on August 17, 1912, the board of commissioners, on petition by appellees, passed a resolution setting forth certain conditions surrounding the sale of the bonds as previously authorized, and provided that such bonds should bear interest at the rate of 6 per cent annually. On the same day appellants filed with said board a remonstrance against increasing the rate of interest to 6 per cent. This remonstrance was overruled and an appeal taken to the Dubois Circuit Court which court, on motion of appellees, dismissed the appeal. This action of the circuit court in dismissing the appeal is the only question here involved.

Appellees contend that as the general right of appeal from final judgments does not apply to special proceedings, such as the present, unless such right is expressly

granted, the circuit court had no jurisdiction to hear
1. appellants' appeal and therefore properly dismissed
the same, since the only right of appeal granted
in cases of this character is from the final order of the board
of commissioners accepting the improvements as made.
§7733 Burns 1908, Acts 1905 p. 521, §82. But the sections
of statute under which this proceeding was commenced are
a part of the general highway act of March 8, 1905 (Acts
1905 p. 521), and in §123 of that act (§7793 Burns 1908)
it is expressly stated that "Except as otherwise provided in
this act, any person aggrieved by any decision of the board
of commissioners of any county, in any proceeding in rela-
tion to highways, may appeal therefrom within thirty days
thereafter to the circuit court of such county   *   *   *
Such appeal shall be tried *de novo,* and may be had
as to any issue [tried], or that might have been tried, be-
fore the county board." Appellants, therefore, were within
their rights as expressly granted in taking an appeal to the
Dubois Circuit Court, and such court should not have dis-
missed said appeal.

Judgment reversed with instructions to the trial court
to overrule appellees' petition to dismiss appellants' appeal
from the action of the board of commissioners and for fur-
ther proceedings not inconsistent with this opinion.

Cox, J., absent.

NOTE.—Reported in 101 N. E. 81. See, also, 37 Cyc. 131. As to
remedies of taxpayer for waste or misapplication of public funds,
and other illegal acts, see 2 Am. St. 92.