## CHANLEY ET AL. v. ZIMMER ET AL.

[No. 22,627.   Filed May 11, 1915.]

1. HIGHWAYS. — Improvement. — Remonstrance. — Appeal.— Questions Presented.—Where the remonstrance in a highway improvement proceeding was directed against the passage of a resolution providing that the bonds should bear a greater rate of interest than that originally provided in the order authorizing the improvement, the question of the right of the board of commissioners to pass such resolution is not presented for review by an assignment of error in the overruling of the remonstrance.   p. 224.

2. HIGHWAYS.—Improvement.—Issuance of Bonds.—Limitation of Indebtedness.—In a trial of a remonstrance in a highway proceeding, where it was contended that the amount of the bond issue exceeded the legal limitation of indebtedness for the township, the question was to be determined from the property valuation as of the year in which the contract was entered into, where the amount of indebtedness thereunder was determinable at the time of its execution; hence the court did not err in refusing evidence of the assessed valuation for the years intervening between the time the contract was entered into and the time of trial.   p. 224.

From Dubois Circuit Court; John L. Bretz, Judge.

Proceeding for the improvement of a highway on the petition of Frank Zimmer and others in which John H. Chanley

and another remonstrated. From a judgment for petitioners, the remonstrants appeal. *Affirmed.*

*Leo H. Fisher* and *Horace M. Kean,* for appellants.

*A. L. Gray,* for appellees.

SPENCER, J.—This proceeding has its origin in a petition filed by appellees before the commissioners of Dubois County in June, 1911, asking for the establishment of certain free gravel roads in Jefferson Township in said county. A hearing on said petition and an election to authorize the proposed improvements were regularly had and orders issued by the county commissioners, letting the contract and providing for the sale of bonds to cover the same, said bonds to bear interest at the rate of $4\frac{1}{2}$ per cent annually. A remonstrance against the issuance of these bonds was filed by appellant John Chanley on the ground that such issue would be in excess of the legal limitation on such indebtedness. This remonstrance was overruled but no appeal taken. Subsequently, on August 17, 1912, the board of commissioners, on petition by appellees, adopted a resolution setting forth certain conditions surrounding the sale of the bonds as previously authorized and providing that such bonds should bear interest at the rate of 6 per cent annually. Appellants' remonstrance against the adoption of this resolution was overruled and an appeal taken to the Dubois Circuit Court, which court, on motion by appellees, dismissed the appeal. An appeal from said judgment of dismissal was taken to this court and the same was here reversed with instructions to the circuit court to try the issues presented by appellants' remonstrance. *Chanley* v. *Zimmer* (1913), 179 Ind. 350. Pursuant to this direction a hearing was had on January 12, 1914, in the Dubois Circuit Court, which resulted in a finding and judgment of the court overruling said remonstrance, and this appeal follows. The error assigned is that the court erred in overruling appellants' remonstrance as asserted in appellants' motion for a new trial.

Under this assignment appellants seek to challenge the right of the board of commissioners to increase by resolution the rate of interest on the bonds previously author-ized and also to question the power of the trial court to confirm the order entered by the commissioners in 1911, providing for the issuance of bonds to cover the cost of the proposed improvement, without further deter-mining whether said bond issue was within the legal limita-tion on such indebtedness as it existed at the time of said hearing on January 12, 1914. The first question is not properly presented for consideration. The objection urged by appellants' remonstrance was directed against the pas-sage of the resolution, which was a legislative act and not a judicial function, and did not reach the legal effect of such resolution. *Board, etc.* v. *McClintock* (1875), 51 Ind. 325; *Tenny* v. *Seattle Electric Co.* (1907), 48 Wash. 150, 92 Pac. 895.

As to appellants' second contention, we can not agree that the court erred in refusing to admit evidence which was offered for the purpose of showing the total as-sessed valuation, after deducting mortgage exemp-tions, of the property of Jefferson Township in the years 1912 and 1913. The contract for the improvements involved in this proceeding was entered into on November 6, 1911, and the property valuation for that year controlled the right to issue bonds covering the cost of said improve-ments. It is true that where the amount to be paid for the construction of a public improvement can not be ascertained until the final assessment of special benefits arising there-from has been made, it is not possible to determine whether the indebtedness of the municipality for such improvement exceeds the constitutional debt limit until the improvement has been completed and accepted. *City of Logansport* v. *Jordan* (1908), 171 Ind. 121. But where, as in this case, the contract is entire and the amount of the indebtedness thereunder is determinable at the time the agreement is

executed, it is then possible to ascertain whether the indebtedness exceeds the limit fixed by the law and the question is to be determined as of that time. No evidence, other than that above mentioned, was offered by appellants to support the allegations of their remonstrance and the circuit court properly overruled the same. Judgment affirmed.

NOTE.—Reported in 108 N. E. 769. As to right to compel labor on highways, see 74 Am. St. 667. As to creation of county indebtedness within the meaning of the debt limit provision, see 37 L. R. A. (N. S.) 1058. See, also, under (1) 37 Cyc. 107; (2) 11 Cyc. 553.