(Nos. 11075-76-77.—Reversed and remanded.)

JAMES FISHER *et al.* Appellants, *vs.* CHARLES McINTOSH, County Superintendent of Schools, *et al.* Appellees.— SILAS L. SIEVERS *et al.* Appellants, *vs.* CHARLES McINTOSH *et al.* Appellees.—WILLIAM T. HAGGARD *et al.* Appellants, *vs.* CHARLES McINTOSH *et al.* Appellees.

*Opinion filed February 21, 1917—Rehearing denied April 5, 1917.*

1. CONSTITUTIONAL LAW—*constitutionality of act may be raised by petition for certiorari to review record of high school districts.* The constitutionality of an act may be raised by a petition for a writ of *certiorari* to review the records of high school districts.

2. LACHES—*when lapse of time will not bar writ of certiorari to review public proceedings.* Mere lapse of time short of the period of limitation for writ of error will not bar a writ of *certiorari* to review proceedings, where nothing has been done by the public authorities which will cause great public detriment or inconvenience in case the proceedings are quashed.

3. CERTIORARI—*when organization of high school districts may be attacked by writ of certiorari.* The organization of high school districts may be attacked by common law writ of *certiorari* where they exceed their jurisdiction or where they proceed illegally, if no appeal or other mode of review is provided.

4. The question of the constitutionality of the Township High School act of 1911 is controlled by the decision in *People* v. *Weis,* 275 Ill. 581, in which such act was held invalid.

APPEAL from the Circuit Court of Piatt county; the Hon. GEORGE A. SENTEL, Judge, presiding.

HERRICK & HERRICK, for appellants.

George M. Thompson, W. G. Cochran, Charles C. LeForgee, George W. Black, Thomas W. Samuels, Carl S. Reed, A. C. Edie, and F. M. Shonkwiler, for appellees.

Mr. Justice Duncan delivered the opinion of the court:

Appellants in the above cases filed in the circuit court of Piatt county petitions for *certiorari,* and on the return being made to the writs motions were made to quash the return and the records of township high school districts numbered 108, 168 and 112, respectively. Charles McIntosh, county superintendent of schools of said county, was made a defendant, and as a return to the writ filed the record of the organization of the district in each case and entered a motion to quash the writ. The court granted the motion to quash the writ, quashed the writs in all the cases and entered judgments for costs against appellants. Separate appeals were taken and the cases are consolidated in this court for hearing.

The records filed in the lower court show that all of said districts were organized under the provisions of sections 1 and 6 of the act of June 5, 1911, which authorizes the organization of high school districts. (Hurd's Stat. 1916, p. 2361.) District No. 108, as shown by the record, embraces eighty-four sections of land, or a total of 53,760 acres, and contains parts of seventeen school districts, seven different school townships and five different towns, and that pupils in the outlying territory would be compelled to travel as far as eight miles to attend the high school. District No. 168 embraces ninety-six sections of land, or a total of 61,440 acres, and contains fourteen whole school districts and parts of four different school districts in Piatt county and parts of other school districts in Champaign county. The district includes land in at least three different towns and in at least three different school townships. The record shows that district No. 112 includes a whole school

277 — 28

township, No. 19, north, range 5, east of the third principal meridian, and twenty-one sections in school township No. 20, north, range 5, east of the third principal meridian, and a portion of other territory in DeWitt county.

It is the contention of appellants that the act violates section 22 of article 4 of the constitution of 1870. One provision of that section which is specially relied on by appellants provides: "The General Assembly shall not pass local or special laws * * * granting to any .corporation, association or individual any special or exclusive privilege, immunity or franchise whatever." Appellees contend, on the other hand, that although section 1 of said statute may be invalid section 6 thereof is a valid provision, and that the organization of said three school districts is in accordance with the provisions of that section and should be sustained.

Precisely the same contentions were made before this court in the cases of *Lafferty* v. *Moore,* 275 Ill. 580, and *People* v. *Weis,* 275 id. 581. It was held in those cases that section 1 of the Township High School act of 1911, providing for the organization into a high school district of any school township containing a school district of a certain population, is unconstitutional as conferring a special privilege upon such township, and as the provisions of said section are so interwoven with the remainder of the act that it cannot be fairly said the legislature would have passed the act without said section, the entire act must be declared invalid. Those cases were considered upon petitions for rehearing in which very strong briefs were prepared by able counsel, and after a full consideration thereof this court was not able to recede from its original decision in those cases. After thoroughly considering the arguments of counsel in the instant cases we find no grounds for departing from the rulings of this court in the cases cited above, and they must be held to be controlling in the cases now before us.

It is also argued by appellees that an attack on the constitutionality of the act is inconsistent with a petition for a writ of *certiorari* to review the record made under the provisions of said act and that such an attack cannot be made in this kind of a proceeding. The constitutionality of an act may be raised by a petition for *certiorari* to review the records of high school districts. (*Whittaker* v. *Village of Venice*, 150 Ill. 195; *Glennon* v. *Britton*, 155 id. 232; *Lafferty* v. *Moore, supra.*) It is admitted in the original briefs of appellees filed in this court that all three of said districts were sought to be organized under said act of 1911, and the validity of that act was asserted as a defense to this proceeding. The records of two of said districts positively recite that the election to establish them was held under the act of 1911. We cannot now consider additional argument filed by appellees contending that the records of the districts do not disclose whether the formation of these districts was sought under the act of 1911 or of 1909.

The organization of the districts may be attacked by the common law writ of *certiorari* where they exceed their jurisdiction and where they proceed illegally, if no appeal or other mode of review is provided. *Miller* v. *Trustees of Schools*, 88 Ill. 26; *Sanner* v. *Union Drainage District*, 175 id. 575; *Lafferty* v. *Moore, supra.*

The contention that appellants were barred by *laches* has no application in these cases as the suits were filed within a year from the attempted organization of the districts. Mere lapse of time short of the period of limitation for writs of error will not bar the writ of *certiorari* to review proceedings, where nothing has been done, as in these cases, by the public authorities which will cause great public detriment or inconvenience in case the proceedings are quashed. *Schlosser* v. *Commissioners of Highways*, 235 Ill. 214.

For the reasons above given the judgments of the circuit court are reversed in all of said cases and the causes remanded.

*Reversed and remanded.*