HAMILTON ET AL. v. McMAHEL ET AL.

[No. 11,670.   Filed November 14, 1923.]

1. HIGHWAYS.—*Improvements.*—*Review of Proceedings of Board of Commissioners.*—*Jurisdiction.*—*Statute.*—Under §7793 Burns 1914, Acts 1905 p. 521, freeholders and voters objecting to a petition before the board of county commissioners for an order making an improved road a part of the free gravel road of the county, could appeal from the decision of the board of commissioners to the circuit court.   p. 475.

2. COUNTIES.—*Board of County Commissioners.*—*Powers.*—*Jurisdiction.*—The boards of county commissioners are creatures of limited powers and jurisdiction.   p. 476.

3. HIGHWAYS.—*Improvement.*—*Review of Proceedings of Board of Commissioners.* — *Jurisdiction.* — *Statutes.* — Section 7708 Burns 1914, Acts 1905 p. 521, provides that the board of county commissioners are authorized to make roads connecting with any free gravel road or terminating at any town or city if not less than one-half mile in length and complying with certain specifications a part of the free gravel roads of the county, *held* the board of county commissioners had no jurisdiction or authority to make a road less than one-half mile long a part of the free gravel roads.   p. 476.

From Crawford Circuit Court; *John M. Paris,* Special Judge.

Action by Jesse McMahel and others against Aaron Hamilton and others.   From a judgment for plaintiffs, the defendants appeal.   *Affirmed.*

*R. S. Kirkham* and *John H. Luckett,* for appellants.

*Samuel A. Lambdin* and *Henry W. Mock,* for appellee.

McMAHAN, C. J.—Appellants filed a petition before the board of commissioners of Crawford county asking for the inspection of 1,019 feet of a certain highway in Patoka township, in said county, improved by them and asking that an order be entered of record making that part of the road so improved a part of the free gravel roads of the county.

Appellees, as freeholders and voters of said town-

ship appeared before the board of commissioners and filed a remonstrance or objection to the acceptance of said improvement, on the ground that the part of the road constructed and improved by appellants was less than one-half mile in length while the total length of the connecting road of which the said 1,019 feet was a part was more than one-half mile in length.

The commissioners, having made an inspection of the improvement, overruled appellees' objection, made a finding that such improvement was of public utility and conformed to the requirements of the statute and ordered that the improvement described in the petition be accepted and made a part of the free rock roads of said county and thereafter be maintained and kept in repair as other free rock roads of such county. Within thirty days from the time this order was made appellees appealed to the circuit court.

Appellants filed a motion in the circuit court to dismiss the appeal from the commissioners on the grounds: (1) that the appeal was not taken within ten days; (2) that the act of the commissioners in accepting the improvement was not a judicial act but was a discretionary act from which no appeal could be taken and that appellees were not parties to the proceedings before the commissioners and had not shown they were aggrieved by the decision of the board. This motion being overruled, appellants filed a demurrer to the objections of appellees on the grounds: (1) want of facts; (2) that the court had no jurisdiction over the subject-matter of the objections. The demurrer being overruled there was a trial which resulted in a finding and judgment that the road improved by appellants should not be accepted and entered of record as a free rock or gravel road of the county and that the order of the board of commissioners be set aside and vacated.

Appellants' motion for a new trial on the grounds that the decision of the court was not sustained by sufficient evidence and was contrary to law being overruled, appellants have appealed and contend that the court erred in overruling their motion to dismiss their demurrer to the objection of appellees and their motion for a new trial.

Section 7708 Burns 1914, (§59½ Acts 1905 p. 521) as amended in 1913, (Acts 1913 p. 861), provides that whenever there shall be constructed in any county of this state any public gravel road or turnpike road not less than one-half mile in length, except where the entire length of the road is less than one-half mile and connecting with any free gravel road or terminating at any town or city and complying with certain specifications set out in this section, the commissioners shall, on petition of not less than three freeholders of the road district, make an inspection of such road and if on such examination such road is in their opinion of public utility, and conforms to the requirements of the statute, cause an entry of such facts, together with a description of the commencement and terminus of such improved road, with a general description of the route of the same, and that thereafter such road shall be deemed a part of the free gravel roads of the county and maintained as by law provided.

Section 123 of the Highway Act, (Acts 1905 p. 521, §7793 Burns 1914) authorizes an appeal by any person aggrieved by any decision of the board of commissioners in any proceedings in relation to highways. The court did not err in overruling appellants' motion to dismiss the appeal. *Hall* v. *McDonald* (1908), 171 Ind. 9, 85 N. E. 707; *Chanley* v. *Zimmer* (1913), 179 Ind. 350, 101 N. E. 81; *Fisher* v. *Blumhardt* (1915), 182 Ind. 603, 107 N. E. 466.

The cause was tried upon an agreed statement of

facts which shows that the part of the road improved by appellant was 1,019 feet in length, that it connected at one end with a public free gravel road, and that the entire length of the road of which the said 1,019 feet was a part was more than one-half mile.

Boards of commissioners are creatures of limited powers and jurisdictions. *Buck* v. *Indiana Const. Co.* (1923), 79 Ind. App. 329, 138 N. E. 356; *English* v. *Smock* (1870), 34 Ind. 115, 7 Am. Rep. 215.

2, 3. The tendered improvement being less than one-half mile in length the board of commissioners had no jurisdiction or authority to accept the same and to enter an order making the part of the road so improved a part of the free gravel or rock roads of the county.

The court correctly overruled the motion for a new trial. A correct result having been reached, there was no reversible error in overruling the demurrer to appellees' objections.

Judgment affirmed.