[No. 19848.  Department Two.  July 26, 1926.]

STATE OF WASHINGTON, *on the Relation of Frank Klaas et al., Appellants,* v. W. S. SHUMWAY *et al., as Board of County Commissioners of Okanogan County, Respondents.*[1]

[1] CERTIORARI (15)—GROUNDS—PROCEEDINGS OF COUNTY COMMISSIONERS.  Certiorari lies to review the action of the board of county commissioners in granting a franchise for a toll bridge, notwithstanding that involves legislative action, where the board acted without complying with the statutory provisions as to notice or location of the bridge; in view of the fact that no appeal lies and in view of Rem. Comp. Stat., § 1002, authorizing the writ when an inferior tribunal exercising judicial functions has exceeded its jurisdiction, and to correct any erroneous or void proceeding and there is no appeal.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered December 22, 1925, dismissing certain proceedings to review the action of a board of county commissioners in granting a bridge franchise, upon sustaining a demurrer to the application.  Reversed.

*J. Henry Smith,* and *Peter McPherson* (*William C. Brown,* of counsel), for appellants.

*Johnson & O'Connor,* and *Hartman & Hartman,* for respondents.

MITCHELL, J.—One W. E. Buell petitioned the board of county commissioners of each Okanogan and Douglas counties for a franchise "to construct, erect and maintain a toll bridge over and across the Columbia river," the boundary line of the two counties.  On the day fixed for hearing the petition before the board of commissioners of Okanogan county, Frank Klaas and others, specially interested, by special appearance, ob-

[1]Reported in 248 Pac. 76.

jected to the jurisdiction of the board and to the proceedings as being erroneous; and without waiving their special appearance, filed a general protest against the granting of the franchise. However, the board entered an order granting the franchise and reciting, among other things therein, that the board had already met with the Douglas county board in joint consideration of the matter. Promptly Klaas and his associates, without notice, applied to the superior court for a writ of review of the proceedings. The writ was granted. The members of the board of county commissioners of Okanogan county, as such, and W. E. Buell appeared in the cause and filed a demurrer to the complaint for the writ of review, and also a motion to quash the writ already issued, on the ground that the affidavit or complaint upon which it was granted did not state facts sufficient to justify granting the writ. The demurrer and motion were sustained and granted, as the order recites, "all on the ground that the acts herein sought to be reviewed are legislative acts and not subject to review, by this court." It was further ordered that the proceeding be, and it was, dismissed. The plaintiffs therein have appealed.

Chapter 93, Session Laws of 1919, p. 226, the same being §§ 6441-6446, Rem. Comp. Stat. [P. C. §§ 564-5 et seq.], provides for the granting of franchises for the construction and operation of toll bridges. Section 1 of the act provides that boards of county commissioners are authorized to grant such franchises to persons or corporations "outside of incorporated cities and towns, over and across streams within their respective counties, and over and across streams which are boundaries of counties." Section 2 fixes the time limit and terms and conditions of such franchise. Section 3 provides that, where the stream to be bridged is a boundary between two counties, the county com-

missioners of both counties shall join in granting the franchise.

The affidavit filed in this case in the superior court, upon which the writ issued, alleged, among other things, (1) that the notice of hearing given by the auditor did not comply in essential and important specified particulars with the order of the board directing the notice; (2) that the notice was signed by the auditor instead of the board; (3) that the franchise granted did not conform to the notice given; and (4) that the franchise granted is too indefinite as to the location of the bridge to be of any validity, as by its terms the bridge may be constructed from any point on one side of the river between two points seven miles apart to any point on the other side of the river between two points eight miles apart.

[1] The contention of the respondents, in line with the judgment appealed from, is that the granting of the franchise by the commissioners was a legislative act and not subject to review by the courts. They cite *Tenny v. Seattle Electric Co.*, 48 Wash. 150, 92 Pac. 895, and *Ewing v. Seattle*, 55 Wash. 229, 104 Pac. 259. But, in each of those cases, the plaintiff based his right of relief solely on the passage of the ordinance granting the franchise, no other act was complained of. True, in the latter case it was claimed there was the additional matter of determining the highest bidder to whom the franchise should be granted, under the terms of the charter, which it was insisted was not legislative. But it was held that feature was immaterial under the legislative grant of power to the city, which was superior to the limitations and restrictions contained in the city charter on that subject. If, in this case, the only question involved was whether or not the commissioners granted a franchise, then, under those authorities and the general rule, no interference there-

with by the courts would be indulged in, under the allegations of the complaint.

But there are other questions here. There are questions relating to procedure, defined and essential under the statute, to be complied with prior to the time at which the board acting legislatively can grant a franchise. The statute authorizing the board of county commissioners to grant such franchises confines the location of bridges to places outside of incorporated cities and towns; it requires notice to be given in the official newspapers of the county for a specified time that the commissioners will, on a specified date, consider the proposition of granting such franchise—that is, a franchise as petitioned for. It is alleged in the pleading that these things have not been complied with.

The act authorizing the granting of such franchises does not of itself give any right of appeal from a decision of the board. The act imposes duties upon the county commissioners distinct from their ordinary and usual duties, and in discharging those duties, the board acts as a representative of the legislature by virtue of special statutes for a special purpose, and therefore the general statute with reference to appeals from decisions of the board of county commissioners, which refer only to the ordinary and usual proceedings of the board, do not apply here. *Adams County v. Scott,* 117 Wash. 85, 200 Pac. 1112; *Lawry v. Board of Commissioners of Snohomish County,* 12 Wash. 446, 41 Pac. 190; *Olympia Water Works v. Thurston County,* 14 Wash. 268, 44 Pac. 267; *Selde v. Lincoln County,* 25 Wash. 198, 65 Pac. 192.

Our statute on certiorari provides that

"A writ of review shall be granted . . . when an inferior tribunal, board or officer, exercising judicial functions, has exceeeded the jurisdiction of such tribunal . . . or to correct any erroneous or void

proceedings . . . and there is no appeal, . . . ''
[Rem. Comp. Stat., § 1002.]

That statute, we think, is sufficient to authorize, in this kind of a case, the superior court to inquire into the validity of the proceedings complained of and to correct any erroneous or void proceedings, if any there are.

Reversed.

TOLMAN, C. J., PARKER, ASKREN, and MACKINTOSH, JJ., concur.