210    209<br>115a ²451

THE PEOPLE *ex rel.* B. F. Leach

*v.*

THE COUNTY OF VERMILION *et al.*

*Opinion filed June 23, 1904.*

1. APPEALS AND ERRORS—*a proceeding to disconnect territory from town involves a franchise.* The question of the right of township officers to exercise authority over land sought to be disconnected from one town and added to another involves a franchise.

2. CERTIORARI—*what necessary to entitle party to sue out certiorari.* To entitle a party to sue out a writ of *certiorari* he must have been a party to the proceeding which he seeks to review and have an interest in such proceeding which is direct and immediate.

3. SAME—*what does not show immediate or direct interest.* The statement that the relator is a tax-payer and that the taxing officers of the township or county will be put to trouble and expense in collecting taxes from disconnected territory does not show such immediate or direct interest as entitles the relator to a writ of *certiorari* to review the proceedings disconnecting such territory.

210—14

APPEAL from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding.

ISAAC A. LOVE, and W. R. JEWELL, Jr., for appellant.

J. W. KEESLAR, W. T. GUNN, and R. W. FISK, 'for appellees.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Vermilion county quashing a writ of *certiorari* issued from that court on the relation of appellant, Leach.

It appears that on the 9th of September, 1902, S. M. Busby and John Pugh filed a petition in the office of the county clerk of Vermilion county praying the board of supervisors to disconnect a tract of land therein described from the town of Love and annex the same to the town of Elwood. The petition shows that the petitioners are a majority of the legal voters in the territory sought to be disconnected from the town of Love, and the proceedings show that they are in fact the only legal voters and land owners in that territory. The petition was presented to the board at the September, 1902, meeting and its consideration was postponed to the December meeting, when it was concluded by the board that it was proper or necessary to publish notice of the application sixty days, and the notice was accordingly published in a newspaper published in Danville, in said county, and due proof of the publication made. The notice was, that the petition would be considered at a meeting of said board to be held on Tuesday, March 10, 1903. Said meeting was accordingly held, and a resolution was offered declaring the territory disconnected from the town of Love and attached to the town of Elwood, in which resolution it was declared that it appeared to the board that the town of Love, after the lands described in the petition are detached, still contains more than sixteen square miles of

territory and more than two hundred legal voters, and that it also appeared to the board that the land sought to be disconnected was no part of any incorporated village or town but lies wholly outside of any such village or town, and the adoption of said resolution was moved. Motion was then made to postpone the consideration of said resolution to the next meeting, which was the June meeting, 1903, of said board, and the motion carried. At the June meeting the matter came up for final action and a resolution was adopted making the change as prayed. Appellant filed his petition and attacked the proceedings solely upon the ground that the question of disconnecting the territory from Love township and annexing it to Elwood township was not submitted to a vote of the two townships, and attached to and made a part of his petition the entire record of the proceedings. Appellees moved the court to quash the writ because of the want of sufficient allegations to warrant the issuance thereof, and the court, upon consideration, granted the motion, quashed the writ and taxed the costs against the relator.

At the December term of this court the appeal in this cause was dismissed upon the ground that a freehold or franchise was not involved, and upon a further consideration, on application for a rehearing of that motion, the order dismissing the appeal was set aside at the February term and the final consideration of the motion reserved.

Upon the jurisdictional question we think the motion should be overruled, and take the view that the right to exercise authority over the disconnected territory by the township officers of either of the townships is the exercise of a franchise, and that the rule established and announced in *Winne* v. *People ex rel.* 177 Ill. 268, applies. In that case a petition had been filed with the board of supervisors of DeKalb county for the division of a township in that county and the creation of a new town, and the action was *mandamus* to compel the board of supervisors

to grant the prayer of the petition. The question of the right of appeal to this court was raised in that case, and we held that a franchise was involved and that this court had jurisdiction. We also held in that case that the writ of *mandamus* should be dismissed because it did not appear that the relator had such an interest in the subject matter of the suit as entitled him to prosecute the same. In that suit the relators, as residents, tax-payers and supervisors of the town to be affected by the proposed change, filed their petition for the writ. We there said (p. 271): "A supervisor is not authorized by law to prosecute such a suit as this for his town in his name of office, and except where such authority is conferred by law the town must sue and be sued by its name. (Hurd's Stat. chap. 139, art. 5, sec. 2.) Plaintiffs in error have no other or different right than justices of the peace, constables or commissioners of highways, and neither all of them collectively nor any of them could maintain a suit on behalf of the town. The town itself holds and represents, and may maintain and defend, the right to exercise the corporate franchise throughout the corporate limits." And so in the present case, this appeal should and will be dismissed upon the ground that appellant bore no such relation to the proceedings before the board of supervisors as entitled him to institute the *certiorari* proceedings. The rule seems to be well established that to entitle one to sue out the writ of *certiorari* he must have been a party to the proceeding of which he seeks a review, and must have an interest in the proceeding that is direct and immediate. (4 Ency. of Pl. & Pr. 165-167.) The simple statement that the relator is a tax-payer and that the taxing officers of the township or the county will be put to trouble and expense in and about the collection of taxes from the disconnected territory does not disclose such immediate or direct interest on the part of the relator as entitles him to prosecute this proceeding, either originally or upon appeal.        *Appeal dismissed.*