# F. W. Matthiessen, Appellee, v. Conrad Ott et al. (Julia A. Clayton et al., Appellants.)

## Gen. No. 5,947.

1. ROADS AND BRIDGES, § 64*—*essentials to jurisdiction of commissioners.* Upon the presentation of a petition for a private or public road, failure of the highway commissioners to fix a time and place for hearing and give notice thereof as required by statute (J. & A. ¶ 9660) leaves them without authority to make an order either granting or refusing the prayer of the petition.

2. ROADS AND BRIDGES, § 102*—*when certiorari to review proceedings of commissioners not barred by laches.* Mere lapse of time short of the period of limitation for a writ of error will not bar a writ of certiorari to review proceedings of highway commissioners, where nothing has been done by the public authorities, or with their permission, which will cause great public detriment or inconvenience in case the proceedings are quashed.

3. CERTIORARI, § 52*—*grounds for denying or quashing writ.* Where a party making application for a writ of certiorari is guilty of conduct in procuring error in the record which he seeks to review

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

he should be denied the writ, and it is the duty of the Court, if such conduct comes to his knowledge at any time before the writ is issued to deny the petition, or, if it comes to his knowledge after the writ is issued and the record made, to quash the writ instead of quashing the proceedings of the inferior tribunal.

4. CERTIORARI, § 32*—*parties.* Where the party whose land is taken for a road makes application for a certiorari to review the proceedings of the highway commissioners, the petitioners for the road are not entitled to be made parties, but they may appear before the court for the purpose of showing that the applicant was not entitled to the writ for the reason that he fraudulently procured the defective record which he seeks to review.

5. CERTIORARI, § 44*—*necessity of proof of grounds for refusing or recalling writ.* Mere allegations of fraud by the petitioner in procurement of a defective record, is not ground for refusing or recalling a writ of certiorari.

Appeal from the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed December 3, 1914. *Certiorari* allowed by Supreme Court.

BUTTERS & CLARK, for appellants.

H. M. KELLY, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

This was a petition for a common-law writ of certiorari filed by F. W. Matthiessen to review the action of the Highway Commissioners of Deer Park in La Salle county, in a proceeding to lay out a public and private road on the petition of Julia A. Clayton, Charles S. Clayton and Glennie Piercy, the appellants.

The petition for the road was presented to the highway commissioners June 7, 1909, under the Roads and Bridges Act then in force, and the section thereof entitled "Private Roads" (J. & A. ¶ 9681). The commissioners, without fixing a time and place for hearing and giving notice thereof, as required in that section of the statute by reference to the section providing for the laying out of public roads (J. & A. ¶ 9660),

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

denied the prayer of the petition. This omission of the highway commissioners left them without authority to make an order either granting or refusing the prayer of the petition, as held in many Illinois cases cited in the notes to the sections of the statutes above referred to. Appellants, however, took an appeal to three supervisors under the provisions of the act (J. & A. ¶ 9686), which resulted in an order by the three supervisors granting the prayer of the petition September 3, 1909, and further proceedings thereunder, including the assessing of damages to Matthiessen, whose land only was crossed by the road, at $733. and the entry of a final order laying out the road November 12, 1910.

Matthiessen filed his petition for this writ of certiorari March 15, 1911, making defendants, only the highway commissioners and the town clerk, who is *ex officio* clerk of the board. The court, after notice to the defendants, ordered a writ issued returnable April 8, 1911, and afterwards on motion of petitioner extended the time for return to May 15, 1911. At the next term, on July 18, 1911, a return was filed, the record, among other things, showing the want of notice above mentioned.

Meantime on June 26, 1911, appellants appeared and obtained leave of court, "To file written motions, etc." Nothing further of importance seems to have happened for nearly two years, when on the sixth day of June, 1913, appellants filed a motion: "For leave to become parties defendant or to appear *amicus curiæ* * * * and for leave to enter their motion to quash the writ of certiorari awarded and issue in said cause," on the grounds: (1) That there are insufficient proper and necessary parties; (2) that said Matthiessen has been guilty of laches and acquiescence, and that he procured and has ratified said supposed irregularities and defects mentioned in said petition for certiorari, and by collusion with the commissioners of highways and

other persons procured said supposed irregularities and defects to exist, and that the proceeding by a writ of certiorari is the result of fraud and collusion and should be quashed. Affidavits were filed in support of this motion.

The substance of the facts shown in appellants' petition and affidavits as summarized in their brief is: That there was great necessity for the road because appellants owned valuable land with no practicable way to reach it except across the land of Matthiessen, who denies them the privilege of crossing his land; that there had been two previous attempts, by way of petition to the highway commissioners, to compel the opening of a public and private road through his land, which had each failed, by the commissioners not taking necessary legal steps and being guilty of improper conduct induced by fraud and connivance of Matthiessen, who resorted to unfair means to bring error into the proceedings to defeat the road so that he might be able to acquire the ownership of the land; that in the present proceeding appellants employed competent attorneys to conduct the same, but they were unable to control the conduct of the commissioners, who followed the advice of the attorney of Matthiessen; that Matthiessen and his attorney appeared at every meeting of the commissioners and supervisors in the whole proceeding and knew of every step taken, and purposely contrived to bring about the supposed errors in the record of which he now complains; that he appeared and participated in the proceeding to condemn his land for right of way, and that the said $733 damages allowed him to be paid by appellants was deposited for him with the justice of the peace, and appellants have paid a large amount of costs and attorney's fees; that Matthiessen appealed from said condemnation proceedings to the Circuit Court, and after dismissing his appeal sued out this writ of certiorari.

On June 27, 1913, appellants appeared by counsel and in the name of the highway commissioners moved

to quash the writ and dismiss the petition.   Matthiessen objected on the ground that the commissioners of highways did not authorize the appearance or motion, and that they had made their return, which objection was sustained.   Matthiessen then moved to strike the motion and petition of appellants to quash the writ from the files.   The court without passing on that motion proceeded to hear evidence in support of the appellants' motion.   Appellants offered in evidence only the files of the case, including their petition and affidavits, without any effort to prove any act or acts of Matthiessen that would support the general charges of fraud contained in their petition and affidavits.

The court entered an order denying Matthiessen's motion to strike appellants' motion from the files and denying appellants' motion to become parties to the proceeding and to quash the writ:   Finding in the original proceeding that the highway commissioners, and supervisors on appeal, did not have jurisdiction to enter a legal or binding order, and ordering the proceedings quashed.   It is recited in the court's order that appellants:   "Pray an appeal from the judgment and order of this court denying the said Julia A. Clayton et al. the right to become parties to this proceeding and further denying and overruling the motion to quash the writ and dismiss the proceedings."   Which appeal was allowed.

The record shows that the court having heard the testimony, "Overrules and denies the motion of Julia A. Clayton et al. (Appellants) to become parties to the proceeding *and to quash the writ*."   In the bill of exceptions it is recited:   "Thereupon, the motion of the petitioner to strike the motion from the files, also the motion of Julia A. Clayton et al. to quash the writ in the above entitled cause, coming on for hearing, the said defendants, by their attorneys offered and introduced the following evidence."   Then follows eighty pages of testimony offered by appellants, which con-

sisted of files and documents as above stated, and is certified to be all the evidence offered in the case.

Appellants have followed the suggestion in *People v. Lower,* 254 Ill. 306, in bringing the matter of their motion to this court for review, by preserving their evidence and their exceptions to the action of the court in that regard by bill of exceptions. It is well settled that the common-law writ of certiorari is not a writ of right, and issues only upon application to the court and for special cause, and if it is issued improvidently, upon the facts being presented to the court the writ will be quashed. *Clark v. City of Chicago,* 233 Ill. 113, and authorities there cited. Mere lapse of time short of the period of limitation for a writ of error will not bar a writ of certiorari to review proceedings of highway commissioners, where nothing has been done by the public authorities, or with their permission, which will cause great public detriment or inconvenience in case the proceedings are quashed. *Schlosser v. Highway Com'rs Town of Warren,* 235 Ill. 214, explaining and distinguishing earlier cases that might be construed as announcing a different doctrine. We see nothing in this record to estop Matthiessen on the ground of laches from proceeding with his writ.

It is no doubt true that a party may be estopped by his own act from raising a jurisdictional question in a proceeding like this: (*People v. Crowley,* 250 Ill. 282, and authorities there cited and discussed); and we entertain no doubt that Matthiessen, if guilty of the conduct in general terms charged in appellants' petition and affidavits in procuring error in the record he seeks to review, could not be permitted a writ of certiorari to review that record, and that it was the duty of the Court, if such conduct came to his knowledge at any time before the writ was issued, to deny the petition, or, if it came to his knowledge after the writ was issued and the record made, to quash the writ

instead of quashing the proceedings of the inferior tribunal. Appellants were parties to the proceeding sought to be reviewed, and had a direct interest therein which would have permitted them or any of them to sue out a writ of certiorari. In *Sampson v. Highway Com'rs Chestnut Tp.*, 115 Ill. App. 443, this court held, in case of parties similarly situated, that the court had a right to permit them to intervene and show reason why the writ should not issue, but expressly said that it was not decided whether such parties had the right to appear and make such showing; that is, it was expressly decided that the court had a right to hear them on the question whether the writ should issue, and whether it would be error to refuse to hear them was not passed upon because it was not involved in that case. We are inclined to the opinion that under the circumstances of this case it would have been error for the court not to hear appellants in support of their allegations that the defects in the record sought to be reviewed were introduced into the record by the fraudulent acts of the petitioner. If Matthiessen induced the highway commissioners to pass on the petition for a road without fixing the time and place and giving the required notice, as is inferentially charged in the affidavits filed by the appellants, he could not be heard to question the record because of that defect, and we think it would have been error for the court to refuse any party to the record sought to be reviewed, who had a direct interest in the proceeding, the right to appear either before or after the writ was issued and show that such defect was brought about in that way. The Court should hear evidence, if offered, before ordering the writ, or afterwards, while he has the power to quash the writ, that would advise him whether the writ should issue or whether it had improvidently issued; but such evidence is directed only to the question of issuing the writ, or recalling it after it has been improvidently issued, and while parties in the position of appellants may be properly heard on

that question, and probably have the right to be heard thereon, they are not in any ordinary sense parties to the suit. After the question is settled whether the writ should issue, or whether it improvidently issued and should be recalled, the suit is tried on the record brought up, and appellants were not proper or necessary parties in that suit so tried.

Counsel insist with much vigor that the Court did not hear them on a motion to quash the writ, but refused to grant them leave to appear and make a motion to quash the writ; but the Court did hear evidence offered by them on a motion to quash the writ, if we are to believe the statements in the bill of exceptions prepared by them, and it appears he was giving them an opportunity to show that the writ should not have issued. Even if appellants understood the Court was hearing them on the question whether they should be permitted to file a motion to quash the writ, still when they were allowed to introduce evidence they should have shown or offered to show facts that would sustain their charges of fraud, for instance, the statement in appellants' petition that Matthiessen's attorney procured the commissioners to deny the petition without notice being given, and to do the things which were done by them and to commit the errors they committed, is well enough for a pleading, and on a question whether a writ should issue, or whether it should be recalled as improvidently issued, a court should investigate such an allegation; but when he permits the petitioner to introduce evidence in support of his charge and there is none introduced or offered as to any act done by Matthiessen or his attorney that would support such a charge, the Court might well disregard it. It can hardly be said that general allegations of fraud should suffice as grounds for refusing or recalling the writ.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*