(No. 15345.—Judgment affirmed.)

THE PEOPLE ex rel. Otto Brachear et al. Appellants, vs. THE BOARD OF SUPERVISORS OF THE COUNTY OF LOGAN, Appellee.

*Opinion filed June 20, 1923.*

1. APPEALS AND ERRORS—*proceeding for creation of new township involves a franchise—mandamus.* A petition for the creation of a new township under section 1 of article 3 of the statute in relation to township organization involves a franchise, and where the supervisors refuse to take action on the petition an appeal may be taken to the Supreme Court from a judgment dismissing a petition for *mandamus* to compel the supervisors to act. ·

2. MUNICIPAL CORPORATIONS—*amendment of 1903 to statute on township organization gives supervisors discretionary power.* The amendment of 1903 to the statute in relation to township organization (Laws of 1903, p. 353,) changes the mandatory duty formerly imposed upon the board of supervisors on presentation of a petition for the creation of a new township and makes the action of the board discretionary, as the public has no such right or interest as requires mandatory action and the petitioners have no right *de jure* unless it is granted by the statute.

3. WORDS AND PHRASES—*general rule as to when word "may" in a statute is construed to mean "must" or "shall."* The word "may," used in a statute conferring authority, is frequently construed "must" or "shall" where such construction will give effect to the intent of the legislature and where the public interest and rights are concerned and when the public or third persons have a claim *de jure* that the power should be exercised.

APPEAL from the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding.

JOHN DEAN GILLETT HILL, for appellants.

EVAN WORTH, State's Attorney, HARRIS & HARRIS, and McCORMICK & MURPHY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

A petition was presented to the board of supervisors of Logan county in conformity with section 1 of article 3 of the statute in relation to township organization, praying for the creation of a new township. The board took no action on the petition, but without fixing the time for its final disposition, as required by the statute, laid the petition on the table. Thereupon two of the petitioners filed a petition in the circuit court of Logan county for a writ of *mandamus* requiring the board to act upon the petition and create the new township. To this petition a demurrer was sustained, it was dismissed, judgment for costs was rendered against the relators, and they have appealed.

Since the proceeding involves a franchise the appeal was properly brought to this court. *People* v. *Vermilion County,* 210 Ill. 209.

The only question presented is whether the section in question is mandatory or whether the action of the board is within its discretion and judgment. The appellants state that they do not desire a decision upon the technical question of requiring the board of supervisors to give notice of the hearing before its action but both parties desire a judgment on the merits.

Section 6 of article 7 of the constitution of 1848 required the General Assembly, as does the present constitution, to provide by a general law for township organization, and at its first session under that constitution the General Assembly enacted a township organization law consisting of twenty-one articles. (Laws of 1849, p. 190.) There was a general revision of the law in regard to township organization in 1861. (Laws of 1861, p. 216.) Section 1 of article 3 of that revision provided: "The board of supervisors of each county shall have full and complete power and jurisdiction to alter the boundaries of towns, to change town lines, and to divide, enlarge and to create new towns in their respective counties, to suit the convenience of the

inhabitants residing therein; but no new town shall be created, under the provisions of this act, unless there shall be at least thirty legal voters residing in such new town, nor unless at least twenty such voters of such town shall petition for such alteration," etc. The law was again revised in 1874, and section 1 of article 3 was continued in force in the same language which has just been quoted, except that the number of legal voters required to reside in the new town was increased to fifty, and there was added to the prohibition of the creation of a new town the requirement that the new town should contain at least seventeen square miles. Subsequent amendments of this section were made in 1885 and 1889, but the only changes made were in regard to the extent of territory required, the number of legal voters residing within the new town, and the number of voters petitioning.

No case bringing in question the power or duty of the county board under this section appears to have arisen before the amendment of the act in 1895 to read as follows: "The county board of each county shall have full and complete power and jurisdiction to alter the boundaries of towns, to change town lines, and to divide, enlarge and create new towns in their respective counties, to suit the convenience of the inhabitants residing therein, and it shall be the duty of the county board to make such alterations of the town boundaries and create a new town whenever in any territory of not less than ten square miles not less than three-fourths of the voters residing in such territory shall petition for such new town." (Laws of 1895, p. 319.) Under that act a petition was presented to the board of supervisors of the county of DeKalb asking that a new township be created out of territory to be taken from the town of Somonauk, the board denied the prayer of the petition, and upon a petition for a writ of *mandamus* the circuit court awarded the writ, commanding the board of supervisors to grant the prayer of the petition and create the new town.

Upon a writ of error sued out of this court by the town of Somonauk it was urged that the end to be secured by the creation of a new town under the provisions of the section in question was the convenience of the inhabitants; that the determination of that question involved the exercise of the discretion of the board of supervisors, and that while the writ of *mandamus* might be granted to compel action on the part of officers vested with discretionary power, it could not be availed of to require them to exercise their discretion in a particular manner. The judgment of the circuit court was affirmed, and it was held that while the statute granted to the board of supervisors full and complete power and jurisdiction to alter the boundaries of towns or create a new town whenever in their judgment the convenience of the inhabitants of the town or towns to be affected demanded such action, and the board might take such action of its own motion free from any interference by the courts unless it should appear that its discretion had been exercised with such manifest injustice as to amount to an abuse of discretion, it was manifest from a consideration of the whole section that the board was not clothed with uncontrolled power to decline to act except upon its own motion. The provision that it should be the duty of the board to take action and create a new town whenever in any territory of not less than ten square miles three-fourths of the voters residing in such territory should petition the board to so create a new town was held to be explicit, unambiguous and mandatory. It was said: "The theory of the statute is, the desire of three-fourths of the legal voters of the territory to be made a new town, manifested by a petition, is to be accepted as a better indication than the judgment of the board as to what will best 'suit the convenience' of the inhabitants of the territory. This construction gives effect to the letter of the law and tends to the accomplishment of the primary object of the system of township organization, which is to bring local affairs

under the immediate control and direction of the people. When such a petition is presented the board is not authorized to consider whether it is wise or unwise, or whether it is for the convenience of the people of the territory to create the proposed new town." (*Town of Somonauk* v. *People,* 178 Ill. 631.) This case was decided in 1899, and in the same year the section was again amended so as to require the new town created to have not less than sixteen miles of territory, and the statement that the alteration of the town lines should be made to suit the convenience of the inhabitants residing therein was omitted, but the duty of the county board was imposed in the same mandatory form and the same imperative language as in the amendment of 1895. (Laws of 1899, p. 362.) The next amendment was made in 1903, and the only change was to substitute for the words "it shall be the duty of the county board to make such alterations of the town boundaries and create a new town whenever," the words "and the county board of supervisors may make alterations of the town boundaries and create a new town whenever." (Laws of 1903, p. 353.) The section has been subsequently amended, but the amendments do not affect the question here. If the amendment of 1903 is to have any effect whatever, it must be regarded as changing the mandatory duty imposed upon the board of supervisors on the presentation of the petition mentioned in the section to a discretionary power.

After the decision in *Town of Somonauk* v. *People, supra,* holding that the section imposed an imperative duty, the legislature saw fit to change the imperative language of the section to language of permission, from "it shall be the duty" to "the board of supervisors may." Counsel for the appellants have made no suggestion as to any purpose of the amendment other than to change the imperative duty to a discretionary power. We can think of no other purpose, and it seems that no other meaning can be given to the amendment. The word "may" is frequently construed

"must" or "shall" where such construction will give effect to the intent of the legislature. (*People* v. *Commissioners of Highways,* 270 Ill. 141; *Binder* v. *Langhorst,* 234 id. 583; *Young* v. *Carey,* 184 id. 613; *Brokaw* v. *Commissioners of Highways,* 130 id. 482.) "Where the rights of the public or of third persons are involved, words in the statute importing permission or authority may be read as mandatory and words imposing a command may be read as permissive, whenever, in either case, such a construction is rendered necessary by the evident intention of the legislature. The words 'may' and 'shall,' when used in a statute, will sometimes be read interchangeably, as will best express the legislative intent." (*Canal Comrs.* v. *Sanitary District,* 184 Ill. 597.) The rule is, that "the word 'may' means 'must' or 'shall' only in cases where the public interest and rights are concerned and when the public or third persons have a claim *de jure* that the power should be exercised." (*Schuyler County* v. *Mercer County,* 4 Gilm. 20; *Chicago and Alton Railroad Co.* v. *Howard,* 38 id. 414; *Kane* v. *Footh,* 70 id. 587; *Fowler* v. *Pirkins,* 77 id. 271.) Such right cannot be held to be granted by the section in question since the legislature changed the language which was clearly imperative, as construed by the court, to language which is merely permissive. It is not apparent that the public have any right or interest that the new town should be created in all cases where a petition is filed, without any discretion on the part of the board of supervisors, nor have the petitioners any right *de jure* unless it is granted by the section in question.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*