PRESCOTT UNDERWEAR INC., Plaintiff, *v.* R. & M. REALTY Co., INC., Defendant.

County Court, Westchester County, September 21, 1951.

*J. David Jutkowitz* for appellant.

*George Brody* for respondent.

BRENNAN, J. The plaintiff moves to dismiss an appeal taken by the defendant to this court from a judgment of the City Court of Yonkers, in favor of the plaintiff, upon the ground that pursuant to the provisions of section 68 of the Yonkers City Court Act (L. 1893, ch. 416, as amd. by L. 1939, ch. 914) this court lacks jurisdiction to entertain said appeal.

Section 68 (*supra*) provides that appeals may be taken as follows: From judgments in actions where a recovery of less than $500 was demanded in the complaint, the appeals shall be taken to this court. From judgments in actions where a recovery of $500 or more was demanded in the complaint, appeals may be taken to the Appellate Division.

The plaintiff sought by its complaint to recover the sum of $1,350 in a first cause of action and the sum of $900 in a second cause of action. After a trial the plaintiff recovered the sum of $300.

The plaintiff contends that since the appeal is in an action where a recovery of more than $500 was demanded in the complaint, an appeal cannot be taken to this court but may only be taken to the Appellate Division.

The defendant contends that the use of the words " shall " and " may " as used in section 68 (*supra*) indicates that the Legislature intended that in certain cases the appeal was solely to this court and in other cases it was discretionary whether the appeal be taken to this court or the Appellate Division. This court does not agree with the defendant's contention. It is the opinion of this court that if the Legislature had intended to use the word " may " as permissive or discretionary, such would have been clearly indicated by an appropriate provision therefor.

This court has had occasion to construe a similar provision contained in the City Court Act of the City of Peekskill (L. 1938, ch. 194, art. XIII, § 157, as amd. by L. 1943, ch. 684) and determined that the expression " may " means " must ". (*Kalish* v. *Belmont Motors,* N. Y. L. J., Feb. 1, 1951, p. 409, col. 5, citing *Mitchell* v. *Pike,* 17 Hun 142.)

Accordingly, as the complaint demanded judgment in excess of $500, under section 68 (*supra*) this court is without jurisdiction to entertain the appeal and the motion is granted. Settle order on notice.