Emma Duna, Appellant, v. National Bank of Austin,
Executor of the Estate of William H. Meyer, Deceased.

Gen. No. 48,150.

First District, Second Division.

January 24, 1961.

 

Gilford, Crifase & Resnick, of Chicago (Ronald M. Gilford, of counsel) for appellant-claimant in error.

Eric F. Grundin, of Chicago (James B. McKeon, of counsel) for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court:

On August 5, 1959 Emma Duna filed a claim in the Probate Court of Cook County against the estate of William H. Meyer, deceased, in the amount of $3260.00. Pursuant to hearing, the claim was denied on March 3, 1960. Within twenty days, application was made to the Probate Court for approval of an appeal bond to the Circuit Court of Cook County, for the purpose of appealing the order denying the claim. Claimant's motion was denied on the ground that the claim was in excess of $3000.00, and claimant appeals, not from the denial of her claim, but from the denial of her motion for leave to appeal and for approval of an appeal bond to the Circuit Court.

The resolution of the controversy depends on the construction of sections 329 and 330 of the Probate

Act (Ill. Rev. Stat. 1959, ch. 3, §§ 483 and 484); section 329 was amended July 22, 1959 and, in its amended form, became effective September 1, 1959; section 330 had been amended in 1955. The sections read as follows:

"§ 329. Appeal.) An appeal from a final order, judgment or decree of the probate court entered on or after the effective date of this amendatory Act of 1959 in either a proceeding for the sale of real estate by an executor, administrator, guardian, or conservator or admitting or refusing to admit a domestic or foreign will to probate or in a proceeding involving an amount in controversy of $3,000.00 or more may be taken by any person who considers himself aggrieved to the appellate or supreme court of this state in the same manner as in other civil cases in courts of record.

"§ 330. Appeal to Circuit Court.) An appeal from any other order, judgment, or decree of the probate court may be taken by any person who considers himself aggrieved to the circuit court by the filing in, and the approval by, the probate court of an appeal bond and the payment of the costs and fees of the appeal. The person taking the appeal shall give such notice as the court directs of the time when the appeal bond will be presented to the court for approval to each person who has entered his written appearance in the proceeding in which the order, judgment or decree of the probate court was entered. The bond shall be filed and approved and the fees and costs paid within 20 days after the entry of the order, judgment, or decree appealed from or within such further time, not to exceed 60 days after the entry of the order, judgment, or decree appealed from, as the probate court may allow on application made within the 20 days."

It is urged by claimant that the word "may," as used in sections 329 and 330, is discretionary and not mandatory; that, accordingly, she had a statutory right to elect either the Circuit Court or the Appellate Court as the forum in which to prosecute her appeal; and that the Probate Court, by denying her motion for leave to file and have approved an appeal bond to the Circuit Court, erroneously denied her the remedy which she had elected to pursue.

 The word "may" in statutory usage has been defined by the courts in both a discretionary and a mandatory sense. In a statute conferring authority it is frequently construed "must" or "shall" where such construction will give effect to the intent of the legislature, where the public interest and rights are concerned, and when the public or third persons have a claim de jure that the power should be exercised. Whether a statute is mandatory or directory depends upon the legislative intention, to be ascertained from the nature and object of the act and the consequences which would result from construing it one way or another. Carr v. Board of Education of Homewood-Flossmoor Community High School Dist. No. 233, 14 Ill.2d 40, 44, 150 N.E.2d 583 (1958); Zbinden v. Bond County Community Unit School Dist. No. 2, 2 Ill.2d 232, 236, 117 N.E.2d 765 (1954); People ex rel. Brachear v. Board of Sup'rs, 308 Ill. 543, 547–548, 139 N. E. 898 (1923).

Section 329 covers an appeal, in a controversy involving $3000.00 or more, to the Appellate or Supreme Court, thus indicating that the choice of an appellant in such a controversy was limited to those two courts. A significant change effected by the amendment of 1959 was the provision for direct appeals to the Appellate or Supreme Courts of controversies involving $3000.00 or more. Section 330, which has not been amended since 1955, provides for "other" proceedings.

503

Counsel cite no Illinois decisions involving a construction of the word "may" in this particular statute, but in Prescott Underwear, Inc. v. R. & M. Realty Co., 200 Misc. 503, 109 N.Y.S.2d 852 (1951), the Westchester County Court of New York had occasion to construe a similar procedural statute. It rejected the argument that the word "may" was permissive or discretionary. The Yonkers City Court Act provided that an appeal from a judgment of the city court "shall" be taken to the Westchester County Court in an action where recovery of less than $500.00 was demanded, and that an appeal "may" be taken to the Appellate Division in an action where recovery of $500.00 or more was demanded; in passing on these provisions the court said (p. 853): "The defendant contends that the use of the words 'shall' and 'may' as used in Section 68 . . . indicates that the Legislature intended that in certain cases the appeal was solely to this Court and in other cases it was discretionary whether the appeal be taken to this Court or the Appellate Division. This Court does not agree with the defendant's contention. It is the opinion of this Court that if the Legislature had intended to use the word 'may' as permissive or discretionary, such would have been clearly indicated by an appropriate provision therefor."

■ With reference to the Illinois statute, the amendment of September 1, 1959 has retained substantially the same words and phraseology contained in the previous enactment, the principal difference being that additional procedures were included for appeal to the Appellate or Supreme Court and, for the first time, controversies of $3000.00 or more were included. It is to be presumed that the Legislature in the amended act used the words and phraseology in the same sense already placed on them by custom and long usage. The main object of construction of a statute is to ascertain the intent of the legislature. Whether it is mandatory

504

or discretionary does not depend primarily on form but on legislative intent, to be ascertained from a consideration of the entire act itself, its nature, its object, and the consequences which would result from construing it one way or the other. Carr v. Board of Education, already cited; People v. Frank G. Heilman Co., 263 Ill. App. 514, 522 (1931). Section 329, as amended, expressly includes claims in excess of $3000.00 as appealable to the Appellate or Supreme Court and thereby changed the procedure, as we interpret the amendment, to require that appeals from such claims be taken, not to the Circuit Court, but to the Appellate or Supreme Court.

Section 330 of the act remains unchanged; it was not amended by the amendatory legislation of 1959. The language of the first sentence of section 330 shows beyond doubt that any of the proceedings mentioned in section 329 were strictly governed thereby and were expressly excluded from the provisions of section 330. The first sentence of section 330 provides that an appeal from any order in a proceeding other than those mentioned in section 329 can and must be taken to the Circuit Court. Appeals from claims in excess of $3000.00 are expressly added to the category of matters that "may" be taken to the Appellate or Supreme Court. We believe it was clearly the intention of the Legislature that appeals in proceedings involving amounts in controversies of $3000.00 or more must be taken to the Appellate Court, not to the Circuit Court; otherwise, it is difficult to understand why the Legislature should have amended section 329.

■■ It is further urged by claimant that since her claim was filed August 5, 1959, prior to the effective date of the statute, namely September 1, 1959, she was not affected by the amendatory legislation. It has frequently been held that where a change of law affects merely the remedy or law of procedure,

all rights of action will be enforcible under the new procedure without regard to whether they accrued before or after the change, unless there is a saving clause as to the existing legislation. The case of Ogdon v. Gianakos, 415 Ill. 591, 114 N.E.2d 686 (1953), is precisely in point. The court there said (p. 597): "The law applicable in the State of Illinois is that there is no vested right in any particular remedy or method of procedure, and that, while generally statutes will not be construed to give them a retroactive operation unless it clearly appears that such was the legislative intent, nevertheless, when a change of law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether the suit has been instituted or not, unless there is a saving clause as to existing litigation. [Citing Illinois decisions.]" See also Connett v. City of Jerseyville, 96 F.2d 392, 400 (7th Cir. 1938); McKinley v. McIntyre, 360 Ill. 382, 388, 196 N. E. 506 (1935); 50 Am. Jur., Statutes, § 15. Since, as we view the amended act in question as affecting merely the remedy or law of procedure, all rights of action will be enforcible under the new procedure without regard to whether they accrued before or after the law was changed. The amended statute prescribes no saving clause as to existing legislation.

Lastly, claimant raises a constitutional question with respect to the enactment of sections 329 and 330. By appealing to this court, constitutional questions are waived.

For the reasons indicated, the order of the Probate Court is affirmed.

Order affirmed.

BURKE, P. J., and BRYANT, J. concur.